UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN

TODD ASHWORTH,
     Plaintiff,

-vs.-                         **DEMAND FOR JURY TRIAL**

WILLIAMS AND FUDGE, INC.
     Defendant.
_____

# COMPLAINT & JURY DEMAND

Plaintiff, Todd Ashworth through counsel, Nitzkin and Associates, by Gary Nitzkin states the following claims for relief:

# JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

# PARTIES

3. The Defendant to this lawsuit is Williams and Fudge, Inc. which is a South Carolina corporation that maintains registered offices in Oakland County, Michigan.

## VENUE

4. The transactions and occurrences which give rise to this action occurred in Macomb County.

5. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect on a consumer type debt allegedly owed by Plaintiff to Eastern Michigan University.

7. Defendant first called Plaintiff on or about February 27, 2012.

8. During this conversation, Plaintiff told Defendant that he would take care of the alleged debt with the creditor. Plaintiff also asked the Defendant to not call him again.

9. On or about February 28, 2012, Defendant called Plaintiff's sister and she did not answer her phone. Her name is Tammy Wolter.

10. On or about February 29, 2012, Defendant, through its representative, Chad, called Plaintiff's sister again on her cell phone while she was at work.

11. During this conversation, Defendant told Plaintiff's sister to get a message to her brother, Todd Ashworth, for him to call Williams and Fudge.

12. Defendant did not state that they were calling regarding location information in this conversation.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

13. Plaintiff reincorporates the preceding allegations by reference.

14. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

15. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

16. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

17. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692 et. seq;

18. The Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

19. Plaintiff incorporates the preceding allegations by reference.

20.  Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

21. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

22. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §339.915

23. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

24. These violations of the Michigan Occupational Code were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

a.   Actual damages.

b.   Statutory damages.

c.   Treble damages.

d.   Statutory costs and attorney fees.

Respectfully submitted,

March 9, 2012

/s/ Gary Nitzkin
GARY D. NITZKIN  P41155
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com